IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDRO MAURICIO CAMPOS, #00819-510 | § § | |
| Movant, | § § | |
| v. | § § § | No. 3:24-CV-02023-N (No. 3:22-CR-00215-N) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Alexandro Mauricio Campos' ("Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion"). Doc. 4. The Government filed a response in opposition and Movant filed a reply. Doc. 14; Doc. 15. Upon careful review of the pleadings, the record, and the applicable law, the Motion is **DENIED**.

**I.      BACKGROUND**

In 2022, pursuant to a plea agreement, Movant pled guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Crim. Doc. 39.[1] On September 25, 2023, the court sentenced Movant to an aggregate sentence of 180 months' imprisonment—120 and 60 months respectively, to run consecutively—an upward variance from the guideline range of 110-137 months. Crim. Doc. 57. On July 15, 2024, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal for failing to present any nonfrivolous issue for appellate review but remanded for the limited purpose of correcting a clerical error in the judgment. Crim. Doc. 74.

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Campos*, 3:22-cr-215-N-1. And all "Doc." citations refer to this § 2255 case.

On August 7, 2024, Movant filed a letter request, which the court recharacterized as his first, timely § 2255 motion. Doc. 1; Doc. 3. In his amended § 2255 motion and brief in support, Movant raises two claims of ineffective assistance of counsel for failing to (1) challenge the constitutionality of § 922(g)(1) under the Second Amendment and (2) object to the two-level increase in offense level under USSG § 2K2.1(b)(1)(A). Doc. 4 at 4-5; Doc. 6 (Br.). The Government opposes § 2255 relief. Doc. 14. Movant filed a reply. Doc. 15.

## II.     LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient-performance prong under *Strickland*, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To show prejudice in the sentencing context, the movant must show that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

III.    ANALYSIS

    **A.  Second Amendment Challenge Lacks Merit**

Movant challenges the constitutionality of 18 U.S.C. § 922(g)(1), his statute of conviction, under the Second Amendment.  Doc. 6 at 2.  He argues that § 922(g)(1) is unconstitutional "as applied" to him relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. June 28, 2023), *reversed and remanded*, 123 F.4th 183, 185 (5th Cir. 2024) (per curiam).  Doc. 6 at 2-3.  His claim lacks merit, however.

Movant's Second Amendment challenge is now squarely foreclosed by *United States v. Diaz*, 116 F. 4th 458 (5th Cir. 2024) (rejecting facial challenge to § 922(g)(1)), *cert. denied*, No. 24-6625, 2025 WL 1727419 (June 23, 2025).  *See United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025) (finding that defendant's facial challenge to § 922(g)(1) was foreclosed by *Diaz*). Section 922(g)(1) is also constitutional as applied to Movant because he has a prior conviction for aggravated assault with a deadly weapon.  Crim. Doc. 43-1 at 10, Presentence Report ("PSR") ¶ 28.  The Fifth Circuit has held that § 922(g)(1) is constitutional as applied to defendants convicted of aggravated assault with a deadly weapon.  *United States v. Isaac*, No. 24-50112, 2024 WL 4835243, at *1 (5th Cir. Nov. 20, 2024) (per curiam).

Movant's constitutional challenge therefore fails.

    **B.  Ineffective-Assistance Claims likewise Have no Merit**

        *i.  Failure to Challenge the Constitutionality of § 922(g)(1)*

Movant asserts that his trial counsel was ineffective in failing to preserve the Second Amendment challenge and defend his constitutional right to bear arms.  Doc. 6 at 2-5.

Generally, counsel is not ineffective for failing to anticipate future changes in the law; counsel is not required to be clairvoyant. *See Cooks v. United States,* 461 F.2d 530, 532(5th Cir. 1972); *see also Lucas v. Johnson,* 132 F.3d 1069, 1078-79 (5th Cir. 1998); *Green v. Johnson,* 116 F.3d 1115, 1125 (5th Cir. 1997); *Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir. 1981). Rather, an attorney's performance is based on the law as it existed at the time of the representation. *See Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993); *Nelson*, 642 F.2d at 908. State another way, a lawyer has a duty to make "[s]olid, meritorious arguments based on directly controlling precedent." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999).

During Movant's plea and sentencing proceedings, in 2022 and 2023, *Bruen* was not directly controlling precedent within the framework of § 922(g)(1). *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023) (summarizing case law within and outside circuit and holding that *Bruen* did not clearly or obviously undermine prior Fifth Circuit precedent involving § 922(g)(1)). Indeed, at the time of Movant's sentencing in September 2023, it was simply conjectural whether § 922(g)(1) was unconstitutional. *See United States v. Robinson*, 680 F. Supp. 3d 737, 739-41 (N.D. Tex. June 29, 2023) (Godbey, C.J.) (rejecting defendant's challenge to § 922(g)(1)). Thus, Movant cannot establish that his attorney's representation was constitutionally deficient because he failed to raise a *Bruen* claim.

Movant also fails to demonstrate prejudice. To be sure, any attempt by counsel to raise an argument based on *Bruen* would without doubt have been unsuccessful. Movant's first claim of ineffective assistance of counsel therefore has no merit.

> ### *ii. Failure to Object to the Two-Level Sentencing Enhancement*

Movant asserts counsel rendered ineffective assistance in failing to object to the enhancement in the *Presentence Report* (PSR) under USSG § 2K2.1(b)(1)(A), which permits an increase in offense level if the offense involved three to seven firearms. Doc. 6 at 5. Movant contends there was no basis for the enhancement because the firearms showed in the images/videos on his mobile phone (on which the Probation Officer relied) were not "actual" or "real weapons." Doc. 6 at 5. He argues the images show firearms that were neither "in working condition[s]" nor "working usage." *Id.*

Movant presents no evidence to show that the images depicted inoperative firearms and the record plainly disproves his bare assertion. The PSR, which was accepted without change at sentencing, was substantiated by photographic and video evidence acquired from Movant's own phone, which carried sufficient indicia of reliability. *See United States v. Huerta,* 182 F.3d 361, 364 (5th Cir. 1999) ("As a general rule, a PSR bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines."). Therefore, Movant cannot show that counsel performed deficiently in failing to object.

Likewise, Movant fails to demonstrate prejudice—that is, how counsel's actions resulted in an increase in his sentence. Indeed at sentencing, the court weighed the sentencing factors and concluded that an upward variance to 180 months (from the much lower guideline range of 110-137 months) was necessary under the circumstances to "adequately reflect the seriousness of the offense conduct or the Defendant's history." Crim. Doc. 67 at 31 (Sentencing Tr.); *see also*

Crim. Doc. 67 at 29-31 (summarizing Defendant's history of guns, violence, and abuse of women and others).

On this record, Movant fails to show counsel's deficient performance or resulting prejudice. His second claim of ineffective assistance of counsel therefore lacks merit.

## IV. CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 8th day of September, 2025.

_____
UNITED STATE DISTRICT JUDGE